[No. 18463. Department Two. May 15, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. ERNEST E. CARPENTER, *Appellant.*[1]

PERJURY—MATERIALITY OF TESTIMONY—DENIAL OF FORMER CONVICTION—COMPETENCY OF WITNESS. The testimony of a party to a civil proceeding denying that he had previously been convicted of perjury, is a "material matter," within Rem. Comp. Stat., § 2351, defining perjury, affecting his qualification and competency as a witness, and may be made the basis of a criminal prosecution, notwithstanding he was withdrawn and gave no further testimony in the case; in view of Id., § 1212, providing that such conviction may be shown to affect his credibility and § 2352, providing that it is no defense to perjury that it did not affect the proceeding.

WITNESSES (14) — COMPETENCY — CONVICTION OF CRIME. Rem. Comp. Stat., § 1212, depriving one convicted of perjury of the right to be a witness in any case, is not, so far as civil cases are concerned, in violation of Const., Art 1, § 22, providing that, in criminal cases, the accused shall be entitled "to testify in his own behalf."

PERJURY (7)—INSTRUCTIONS—MATERIALITY OF TESTIMONY. In a prosecution for perjury, whether the questions and answers concerned "material matters," is a question of law for the court and not for the jury.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered November 20, 1923, upon a trial and conviction of perjury. Affirmed.

*Vance & Christensen,* for appellant.
*Roscoe R. Fullerton,* for respondent.

BRIDGES, J.—The appellant was charged with perjury in the first degree. Upon conviction he has appealed to this court.

The facts (which are unusual) are: the appellant was the plaintiff in a certain civil action, brought in the superior court of Thurston county. When the case was called for trial, the appellant, as plaintiff in that

[1]Reported in 225 Pac. 654.

action, presented himself as a witness. After stating his name, but before giving any testimony, counsel for the defendant obtained permission to ask some preliminary questions of the witness. The appellant then testified that he had not previously been convicted of the crime of perjury, and had not previously served a sentence in the penitentiary of this state because of conviction on the charge of perjury. Having so testified, the defendant in that case, so the record states, at once proved that these answers were false, and that the witness had previously been convicted in the courts of this state of the crime of perjury and had served a sentence in the penitentiary because thereof. Although it is not expressly so stated in the record, yet we think a fair inference is that the witness either voluntarily left the stand or that the court refused him permission to testify. In other words, the real question involved here is, can the statutory crime of perjury in the first degree be based upon the false swearing of a witness in a case where he does not testify to anything concerning the case, or to anything whatsoever except to deny that he had previously been convicted of perjury.

Our perjury statute, Rem. Comp. Stat., § 2351 [P. C. § 9032], is as follows:

"Every person who, in any action, proceeding, hearing, inquiry or investigation in which an oath may lawfully be administered, shall swear that he will testify, declare, depose, or certify truly, or that any testimony, declaration, deposition, certificate, affidavit or other writing by him subscribed is true, and who, in such action, proceeding, hearing, inquiry or investigation shall state or subscribe as true any material matter which he knows to be false, shall be guilty of perjury in the first degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

It will be noted that the statute requires that the matter so falsely testified to shall be "material matter."

Section 2352, Rem. Comp. Stat. [P. C. § 9033], states:

"It shall be no defense to a prosecution for perjury in the first degree that the defendant did not know the materiality of his false statement or that it did not in fact affect the proceeding in or for which it was made. It shall be sufficient that it was material and might have affected such proceeding."

Section 1212, Rem. Comp. Stat. [P. C. § 7723], provides, in substance, that no person shall be excluded as a witness simply because he has been convicted of a crime, but such conviction may be shown to affect his credibility, but that no person who has been convicted of perjury shall be a competent witness in any case unless the conviction shall have been reversed or there shall have been a pardon.

It is plain that the appellant, while a witness in the civil case, was asked the questions which it is charged he falsely answered, with the view of testing his competency to be a witness.

The argument upon the part of the state is that the appellant, having produced himself as a witness in the civil action, the defendant in that case had a right to ask the questions concerning his prior conviction, not only as tending to affect his credibility, but also his qualifications, and that his answers were with reference to a "material matter;" that answers which tend to affect the credibility of a witness, or his competency, are material to the trial of the case, and for that reason a charge of perjury may be based on them. On the other hand, the appellant contends that the testimony, in so far as it might tend to affect his credibility, was necessarily immaterial to any issues or matter in con-

nection with the case, because neither before his answers to the questions nor thereafter did he testify to anything whatsoever concerning the issues in the case, and that there being no testimony, there was nothing upon which the credibility of the witness could rest, consequently the testimony, in so far as it tended to affect his credibility, was immaterial for all purposes; that in so far as they might tend to test his qualifications to be a witness, the answers were wholly immaterial because the witness did not before or afterwards testify to anything concerning the case; that the qualifications of the appellant to become a witness were wholly immaterial unless he undertook to, or had, testified to something in connection with the matters involved in the case.

It has generally been held by the courts and text writers that testimony upon which a charge of perjury may be based need not necessarily be concerning, nor directly relevant to, issues made by the pleadings, but it is sufficient for that purpose if it is material to any question that may properly arise in the trial of the case. It has also generally been held that perjury may be based on testimony going to the credibility of a witness, and this even though such testimony is legally immaterial or ought not to have been received. The gist of the rule laid down by the authorities is very well stated in 22 A. & E. Ency. Law 687, as follows:

"The test of materiality is whether the statement could have influenced the tribunal upon the question at issue before it. Any statements made in a judicial proceeding for the purpose of affecting the decision, and upon which the judge acted, are material. The matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or

probability to the testimony of a witness testifying thereto, or otherwise.

"Perjury may be assigned upon false statements affecting only a collateral issue, as the credit of a witness, this being material to the main issue. Thus where, for the purpose of testing his credit, a witness is asked on cross-examination whether he has ever been in prison for crime or convicted of a felony, the question is material, and a false answer constitutes perjury. But perjury cannot be assigned on the testimony of a witness on cross-examination affecting only his credit, where his evidence on direct examination was immaterial."

To substantially the same effect see 30 Cyc. 1420-1421.

Beyond question, the appellant's testimony to the effect that he had not previously been convicted of perjury was material as affecting his qualification as a witness. It makes no difference that he failed to testify concerning the actual merits of the case in which he was called. He voluntarily presented himself as a witness in that case and it was entirely proper for the defendant then to test his competency. It is plain to us that this false testimony, as affecting the right of the appellant to be a witness at all, was exceedingly material to the trial of the case. He had been sworn and given his name. It is a fair presumption that he intended to testify to some matters in support of the issues involved. If it were shown that he had been previously convicted of perjury, then, under the statute, he could not testify at all over the objections of the defendant. Immaterial matter would be something which could not affect the case—which would neither add thereto nor substract therefrom. But the competency of the witness would most directly affect the result of the trial. To hold that testimony of the character here involved cannot be the basis of a charge

of perjury would be to hold that men may testify as they please and without regard to the truth concerning their qualifications as witnesses. Such a ridiculous situation cannot be contemplated by the law.

It is further contended by the appellant that the statute depriving one convicted of perjury of the right to be a witness in any case is in violation of § 22, art. 1, of our constitution, to the effect that, in criminal prosecutions, the accused "shall be entitled to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf. . . ."

The question raised is not in this case. The constitutional provision is only with reference to criminal cases. If, in this particular case, the appellant had been deprived of the right to testify in his own behalf, then the question presented would be before us.

It is further contended that the court erred in instructing the jury that the questions and answers set forth in the information were concerning material matters, because that question should have been left for the jury. The instruction was right. In a case of this character the materiality of the testimony is a question of law for the court to decide. 30 Cyc. 1456; 22 A. & E. Ency. Law 688.

Judgment is affirmed.

MAIN, C. J., MACKINTOSH, PEMBERTON, and MITCHELL, JJ., concur.