ALVIN L. MARVEL *vs.* THE STATE OF DELAWARE.

(*April 2*, 1925.)

WOLCOTT, CHANCELLOR, RICE and RODNEY, J. J., sitting.

*James M. Tunnell* and *J. Frank Ball* for plaintiff in error.

*Clarence A. Southerland*, Attorney-General, for the State. Supreme Court, January Term, 1925.

RODNEY, J., delivering the opinion of the Court:

The question for determination in this case is the much vexed question as to the *quantum* and character of proof necessary in order to sustain a conviction for perjury. A careful investigation discloses no case in this jurisdiction in which the question here involved has been presented and considered. *State v. Fahey*, 3 *Penn.* (*19 Del.*) 594, 54 *A.* 690, was not a prosecution for perjury, but for subornation of perjury, and there is abundant authority distinguishing the one from the other as to the application of the

principles of evidence. It being then a case of first impression, it becomes our duty to carefully examine the cases upon the subject, with particular attention to the reasons underlying the decisions, and to adopt for this State such a rule as is consonant with our situation and condition and in harmony with modern principles of criminal law.

Even a casual examination of the authorities establishes the fact that the almost universal rule in other jurisdictions is that no conviction can be had in a perjury case without the direct evidence of two witnesses or of one witness with corroborating evidence of some character.

The rule itself when tested by Twentieth Century principles of criminal law and evidence is far from satisfactory, but the reasons underlying the rule are even more unsatisfactory than the rule itself. Perjury (with the exception of treason) is the sole survivor of the common law trials where the quantitative theory of evidence still prevails. In treason the numerical requirement of witnesses is provided by the Constitutions, both State and Federal, and the reasons for the requirement do not apply to cases of perjury. 4 *Wigmore on Ev.* (*Md. Ed.*) 2066 *et seq.*; *Woodbeck v. Keller,* 6 *Cow.* (*N. Y.*) 118.

It seems unnecessary for us to trace the rule of evidence in perjury cases to its origin in order to show its incongruity to modern conditions. This has been ably done in 4 *Wigmore,* 2040 *et seq.* The rule originally prescribed that two witnesses were necessary in order to sustain a conviction for perjury. This requirement was at least consistent with the quantitative theory of evidence. For a long time, however, two direct witnesses have not been required, or as Baron Watson quaintly expressed it in *Reg. v. Braethwaite,* 8 *Cox Cr. Cas.* 254, 444, "that rule has now exploded." Later cases have, however, generally held that one witness giving positive evidence is sufficient if supported by corroborating circumstances. It is apparent that this new rule is at least a partial abandonment of the quantitative theory of evidence and has engrafted on the law of evidence a requirement as to the credibility of evidence, for the circumstantial corroboration which it demands of the positive

witness must rest in theory upon the necessity of inducing or compelling a belief in the testimony of the single direct witness.

Almost every case upholding the rule has given as its reason for so holding that otherwise there would "only be oath against oath"; that the oath of the defendant alleged to be perjured is measured against that of the prosecuting witness; that the scale of evidence is thus poised; and the equilibrium ought to be destroyed by material and independent circumstances before the defendant should be convicted.

This reasoning appears to be vulnerable from several angles. It is based upon the assumption that all oaths are of equal weight. It also assumes that the oath of the defendant given in the former proceeding which is alleged to be false is the defendant's oath in the perjury case on trial. This at least appears doubtful as it seems to make of the defendant a witness in the perjury case without his taking the witness stand and to clothe him with a presumption of truthfulness with no opportunity on the part of the prosecution to attack his credibility. Where the defendant becomes a witness in the perjury case and repeats the alleged false testimony given in the prior proceeding, then there may be oath against oath.

If the consideration of the oath of the defendant in the former trial as his oath in the subsequent perjury trial, without his becoming a witness therein, is founded on the archaic rule of the common law that the defendant was not permitted to testify in his own behalf, then the reasons for such rule have long since disappeared.

Finally it may be pointed out that in all criminal trials in this State the same situation of "oath against oath" may exist and the testimony of a single witness is sufficient to sustain a conviction, the weight and credibility of the testimony being questions for the jury to determine. The trial courts of Delaware have repeatedly held that a jury may convict, if it sees fit, upon the uncorroborated evidence of an accomplice being usually cautioned as to the danger of so doing.

Adverting again to the general rule, laid down by most courts in *ipissimis verbis*, that there must be the direct evidence of two witnesses or one witness with corroborating circumstances, it is

apparent that this rule must be treated from two view points. One considers the quantum of proof and the other the character of such proof.

In the case at bar we are not primarily concerned with the question as to whether the uncorroborated evidence of one witness giving direct testimony is sufficient to sustain a conviction for perjury but rather with the question of whether the circumstantial evidence of a number of witnesses may be sufficient.

The indictment in this case contains two material averments as constituting the alleged perjury:

1. That the said William S. Kinney (the testator) acknowledged to him the said Alvin L. Marvel (the witness) that the signature affixed to the said alleged will was the signature of the said William S. Kinney.

2. That the said Alvin L. Marvel witnessed the said alleged will on the evening of the second day of December, A. D. 1921, between the hours of ten and twelve at the home of the sister of him the said Alvin L. Marvel in Seaford, Delaware.

Now it seems to be entirely clear from the circumstances of this case that after the death of Kinney it would be a manifest impossibility to prove by direct and positive testimony that Kinney had not acknowledged his signature to Marvel. Under these conditions, unless circumstantial evidence is admissible, the alleged perjury is not susceptible of proof. Why should the evidence be required to be direct and positive? A requirement as to the character of the evidence is, as we have shown, a foreign growth upon the rule developed under the quantitative theory of evidence, a theory which had to do with the quantum rather than with the character of the evidence.

It seems to us to approach the very acme of incongruity to hold that homicide, larceny, burglary and all the crimes embraced in the category of criminal law may be proved by circumstantial evidence, while perjury, which strikes more nearly the vitals of judicial procedure, is alone immune from prosecution under color of a rule, the reasons for which have long ceased to exist. Such holding, it seems to us, has a direct tendency to bring a just re-

proach upon the administration of criminal law.⌉ We readily admit that the adherents of the old rule requiring direct and positive evidence of two witnesses or of one witness duly corroborated, are numerically superior. In most of the cases so holding, however, the Courts have contented themselves with a general statement of the rule and were not confronted with the presence of circumstantial evidence alone. Most Courts have been confronted by questions as to the number of the witnesses rather than the character of the evidence.

Almost all of the modern authorities hold that the corroborating evidence need not be the equivalent of another direct witness, but that it suffices if any material circumstances be proved in confirmation. In *Parham v. State*, 3 *Ga. App.* 468, 60 *S. E.* 123, it was said that no rule can be laid down by the law as to what facts or circumstances amount to corroboration; that this is a fact for the jury to determine.

In *State v. Miller*, 24 *W. Va.* 802, *Boren v. U. S.*, 144 *F.* 801, 806, 75 *C. C. A.* 531, and *McDaniel v. State*, 14 *Ala. App.* 217, 69 *So.* 351, *Id.*, 193 *Ala.* 678, 69 *So.* 1018, where the defendant took the stand in the perjury case, it was held that his demeanor as a witness might furnish the corroboration needed.

The Supreme Court of the United States in *U. S. v. Wood*, 14 *Pet.* 430, 10 *L. Ed.* 527, while recognizing the general rule held no living witness was essential to give the direct testimony but such evidence could be adduced in documentary form.

■ We hold that perjury may be proved by circumstantial evidence if such evidence be sufficient to justify a conviction. Opposed to this doctrine are many test books and much dicta in opinions quoting general rules. Opposed also are the cases of *State v. Courtright*, 66 *Ohio St.* 35, 41, 63 *N. E.* 591; *Allen v. U. S.*, 194 *F.* 664, 114 *C. C. A.* 357, 39 *L. R. A. (N. S.)* 385; *Clayton v. U. S. (C. C. A.)*, 284 *F.* 537.

We think, however, our holding is logical, consistent and amply supported by authority.

In *People v. Doody*, 172 *N. Y.* 165, 64 *N. E.* 807, the Court held the old rule did not apply to a case which was only susceptible

of proof by evidence of a circumstantial nature. In that case it was proved by circumstantial evidence that a witness remembered certain material facts and conviction for perjury was sustained where the witness falsely swore that he did not remember them.

See, also, *Metcalf v. State*, 8 *Okl. Cr.* 605, 129 *P.* 675, 44 *L. R. A. (N. S.)* 513; *Mallard v. State*, 19 *Ga. App.* 99, 90 *S. E.* 1044; *State v. Storey*, 148 *Minn.* 398, 182 *N. W.* 613, 15 *A. L. R.* 629; *State v. Cerfoglio*, 46 *Nev.* 332, 205 *P.* 791, 213 *P.* 102, 27 *A. L. R.* 848; *Miles v. State*, 73 *Tex. Cr. R.* 493, 165 *S. W.* 567.

From the brief and partial synopsis of the evidence as given in the statement of this case (*supra*) it would seem that there was little, if any, of a direct and positive character. The boundary line between direct and circumstantial evidence is at times most shadowy. Evidence that some Courts hold as direct, by others is considered as circumstantial. This is responsible for the contrasting opinion of the Courts of Texas and California under a statute, similar in the two states. 44 *L. R. A. (N. S.)* 513, note.

■ The evidence, though largely circumstantial, is sufficient to sustain the conviction if, in other respects, the rights of the defendant were duly protected.

■ The learned Court below did not charge the jury upon the character and weight of circumstantial evidence. No such charge was requested in any prayer of the defendant nor is any assignment of error based on such omission. The trial court in speaking of the testimony tending to show that the signature to the alleged will was not the signature of William S. Kinney expressly charged the jury:

"The evidence in question was admitted only as circumstantial evidence to be considered by you in connection with other testimony in determining whether the defendant did knowingly swear falsely as averred in the indictment. We may go further and say that you would not be justified in convicting the defendant on such circumstantial testimony alone. To warrant conviction there must be other testimony which, in connection with such circumstantial evidence, proves defendant's guilt. But, in connection with such other testimony you may consider the evidence respecting the genuineness of the signature and the validity of the alleged will in determining the guilt of the defendant."

Irrespective of the fact as to whether this was entirely correct it was certainly not prejudicial to the defendant.

A careful and critical examination of the record with especial regard to the prayers of the defendant and the assignments of error does not disclose prejudicial and reversible error.

The judgment of the Court below is affirmed.