ED. BLACKBURN v. THE STATE.

No. 8971.   Delivered May 6, 1925.

1.—Sale of Intoxicating Liquor—Witness—Contradictory Statements—For Jury.

Where prosecuting witness when accosted by officers said that he found the whisky, in his possession, and afterward on the trial testified that he had bought it from appellant, his veracity was a question of fact, for the jury to pass upon, and there being sufficient corroboration of his testimony that he bought the whisky from appellant, the verdict of the jury cannot be disturbed.

2.—Same—Evidence—Harmless, If Error.

Where the district attorney was permitted to ask a witness in what condition he found Cook and Huffacker at the house of appellant while the search was being made by the officers, to which witness replied that if the parties were drunk or drinking, he could not tell it, no error is shown.

3.—Same—Evidence—Explanations of Witness—Permissible.

Where prosecuting witness had made conflicting statements, it was permissible and proper to permit him to explain such conflicting statements by the explanation that when found with the whisky, he did not desire to tell the officer's that he had purchased it from appellant, and for that reason told them that he had found it.

4.—Same—Argument of Counsel—Not Reversible Error.

For the district attorney to state in his argument "I could tell you why the negro made the different statements, if they would permit me to tell the facts," while improper, is not a reversible error.

Appeal from the District Court of Palo Pinto County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Ritchie & Ranspot,* of Mineral Wells, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted in Palo Pinto County charged with unlawfully selling intoxicating liquors and with having in his possession intoxicating liquors for the purpose of sale, and was convicted upon the alleged sale and his punishment assessed at one year in the penitentiary.

Appellant objects to the action of the court in refusing to instruct a verdict in the case, and raises the same point in other ways, because the State proved by the prosecuting witness Simmons that when he was arrested he told the officers that he found the whiskey in question. Defendant contended that the State was bound by this explanation unless it could prove same to be false. It appears that this testimony was elicited by the State after the witness had testified directly and fully to having bought the whiskey in question from the defendant. The record discloses that a deputy sheriff saw the prosecuting witness Simmons with the whiskey, coming from the direction of the defendant's house, and immediately pursued him, and when the witness observed that he was being pursued by the officer he began to pour the whiskey out, and then told the officer that he had found it and was going to make hair tonic of it. Immediately after taking the whiskey from the said witness the officers made a search of the defendant's house and found other whiskey in his possession, and while searching the house caught the defendant in the act of pouring out some of the whiskey that he had · in his possession. The defendant failed to testify in the case.

We can not agree with the contention urged by the appellant in this case that the State was precluded under those facts from insisting upon and obtaining a conviction because said witness merely made a contradictory statement when found with the whiskey, to that which he testified to upon the trial. These matters were left entirely to the jury, even if the State's witness had been successfully impeached for truth and veracity, and not a matter that the court was authorized to exclude from the jury.

Bill of exception No. 3 complains of the action of the court in permitting the district attorney to ask the State's witness as to what was the condition of Cook and Huffacker, who were at the house of the defendant while the search was being made by the officers, because same was an insinuation that said parties were drunk or drinking. The witness replied, in substance, that if the parties were drunk or drinking he could not tell it or that he did not know. There is no merit in this contention.

There is also complaint urged to the action of the court in permitting the State to prove by the witness Simmons that the reason why he told the deputy sheriff and other officers that he found the whiskey in question was because he did not want to tell where he got it. We are unable to see any error in this particular that could harm the appellant.

Appellant also complains of the statement of the district attorney in his argument to the jury to the effect that "I could tell you why the negro made the different statements if they would permit me to tell the facts." The above as shown by said bill covers all the

statement complained of, and we are of the opinion that there is no error in this particular.

It is also urged that the evidence is insufficient to warrant a conviction. The witness Simmons for the State testified to a direct sale, and the undisputed testimony shows that at the time he was seen with the whiskey he was coming from the direction of the house of the appellant, and the officers immediately thereupon searched said house and found whiskey in it, with the defendant trying to dispose of same by pouring it out. We think this is ample testimony to warrant a conviction in this case.

After a careful examination of the record, we are unable to find any error committed therein, and accordingly affirm the judgment of the trial court.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.