## UNITED STATES v. PALESE.
### No. 8187.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 23, 1942.

Decided Jan. 25, 1943.

Stewart Lynch, of Wilmington, Del., for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

On April 15, 1942 the grand jury for the District of Delaware, which was investigating alleged violations of the Federal Corrupt Practices Act of 1925, 2 U.S.C.A. § 250, in connection with a general election held in Delaware on November 5, 1940, called Paul Palese, as a witness. As a result of the testimony which he there gave under oath, Palese was indicted [1] for having committed perjury in violation of § 125 of the Criminal Code, 18 U.S.C.A. § 231.

At the trial upon the perjury charge the Government called three witnesses. The stenographer who took the notes of the grand jury proceedings testified that the defendant stated under oath to the grand jury that he did not pay any person for voting at the November 5, 1940 general election. Leon Wheatley testified that while on his way to the polls to vote some time between three and five o'clock P. M. on November 5, 1940, he met the defendant, whom he knew, and who said to him "I got $2 if you want to vote." Wheatley testified further that the defendant then handed him a ballot and that he voted that ballot by putting it in the ballot box at the polling place; that he did not see whether the ballot was marked; that he did not know how he voted; that he could see the defendant through the window of the polling place watching him vote; that he saw no booth and no one at the polls; that after he left the polls he walked across the street with the defendant who then gave him $2 for his vote.

The third witness, Edna Jackson, testified that the defendant called for her in his car the morning of November 5, 1940, asked whether she was going to vote, gave her a ballot which she did not examine and drove her to the polls; that she voted the ballot

Vincent A. Theisen, of Wilmington, Del., for appellant.

---

[1] In the indictment the grand jurors charged that the defendant did "wilfully, knowingly, falsely and corruptly say and swear of and concerning a matter which was material to the investigation and inquiry then in hearing before the said Grand Jurors that on the said November 5, 1940 General Election day he, the said Paul Palese, did not pay any person for voting at the said election, when, in truth and in fact, as he, the said Paul Palese, when so testifying as aforesaid, well knew, he, on the said November 5, 1940, paid the sum of $2.00 to one Leon Wheatley and the sum of $1.50 to one Mrs. Edna Jackson, for voting at the said Election, and that the aforesaid testimony of the said Paul Palese then and there constituted and was wilful, false and corrupt perjury * * *."

given her; that the defendant drove her home and on the way gave her $1.50 and that the defendant did not owe her any money. The witness, replying to the court's question "Did he give you $1.50 to vote?" answered "No, sir," and to the further question "For what purpose did he give you the $1.50?" answered "I do not know. He gave it to me. Mr. Palese was nice to my husband and I, he used to give us coal; he often gave us money and food." The Government then rested and the defendant moved for a directed verdict, which motion was denied by the court. After testimony by the defendant and rebuttal testimony on behalf of the Government the jury found the defendant guilty. The defendant has appealed and urges that the Government's evidence did not meet the standard required in perjury cases.

■ The rule of evidence in perjury cases presents an almost unique exception to the general rule that evidence which is sufficient to convince the jury of the defendant's guilt beyond a reasonable doubt is sufficient to sustain a conviction. Originally it was necessary in order to sustain a conviction for perjury that the falsity of the oath be proved by the sworn testimony of two or more witnesses. This rule was early modified so as to permit a conviction upon the sworn testimony of one witness if that testimony was supported by proof of corroborative circumstances. It has also been held that the production of documentary or written testimony springing from the defendant himself may take the place of a living witness. United States v. Wood, 1840, 39 U.S. 430, 14 Pet. 430. But the necessity for some corroboration has never been eliminated. Thus in Hammer v. United States, 1925, 271 U.S. 620, 626, 627, 46 S.Ct. 603, 604, 70 L.Ed. 1118, the Supreme Court said:

"The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury. The application of that rule in federal and state courts is well nigh universal. The rule has long prevailed and no enactment in derogation of it has come to our attention. The absence of such legislation indicates that it is sound and has been found satisfactory in practice."

It is, therefore, settled for us that the oral testimony of one witness is insufficient unless corroborated to sustain a conviction for perjury. We note, however, that the rule, although thus firmly established in the federal courts, has been subjected to much well reasoned criticism. 7 Wigmore on Evidence, 3rd Ed., §§ 2040–2043; Marvel v. State, 1925, 33 Del. 110, 3 W.W.Harr. 110, 131 A. 317, 42 A.L.R. 1058. Thus in Goins v. United States, 4 Cir., 1938, 99 F.2d 147, 149 the court said: "It may well be doubted whether any distinction should now be made between the proof necessary to convict of perjury and that necessary to convict of other crimes. * * * The old 'oath against oath' reasoning of the earlier decisions is without force now that the defendant is allowed to take the stand and that corroboration sufficient to satisfy the jury of the falsity of the oath may well arise from his demeanor and manner of testifying." See also State v. Storey, 1921, 148 Minn. 398, 182 N.W. 613, 15 A.L.R. 629 in which the court points out with great force that it is inconsistent to hold that evidence which is of the quality sufficient to hang a man for murder is insufficient to convict him of perjury.

■ The defendant urges that the rule has not been complied with since the falsity of his oath was not proved either by two witnesses or by one witness whose testimony was corroborated. We think that the evidence was sufficient to satisfy the rule and to sustain the verdict of guilty. The defendant is alleged to have sworn falsely that he did not pay any persons for voting at the general election. Wheatley's testimony, if believed, was direct evidence that the defendant paid one person for voting at that election. Mrs. Jackson's testimony was that on that day the defendant gave her a ballot which she dropped into the ballot box without examining it herself and that immediately after she voted he gave her a sum of money. It is true, as the defendant urges, that this testimony did not corroborate Wheatley's testimony that the defendant had paid him, Wheatley, for voting. But the payment to Wheatley, the individual, was not the crucial fact. Mrs. Jackson's testimony, if believed, did tend, as did Wheatley's, to establish the fact that the defendant did pay persons for voting. It, therefore, was sufficient to corroborate the only material fact established by Wheatley's testimony, namely, that the defendant's assertion that he had not paid any person for voting was false.

In Reg. v. Hare, Eng. 1876, 13 Cox Cr. Cas. 174, the defendant was charged with

having committed perjury in that he falsely swore that he had not on a certain day treated one Wynn to any brandy or other spirits. The prosecution produced a witness who testified that she saw the defendant treat Wynn to brandy and rum at the Warburton Hotel on the day in question. Another witness testified that on the same day he saw the defendant and Wynn at the Vine Inn, that the defendant asked Wynn if he would have two pennyworth and the answer was that he would not mind, that he then saw Wynn drinking something of the color of brandy or rum but did not know who ordered it or who gave it to Wynn. A third witness testified he saw the defendant shove a glass containing a liquid of the color of brandy or beer to Wynn at the Vine Inn. Justice Denman stated that although the point had been ingeniously put that there was only one witness to each act of treating, he was not of opinion that the law required corroboration of every act, and he thought that the witnesses corroborated each other.

In Commonwealth v. Davis, 1892, 92 Ky. 460, 18 S.W. 10 the defendant was indicted for falsely swearing, during the course of a trial for peddling without a license, that he had not been at two designated houses on a certain day and had not offered to sell any goods at either house. One witness testified that he had been at her house and talked about clothes wringers but did not offer to sell anything to her. Another testified that he was at her house and did offer to sell her a clothes wringer. The court said on pages 462, 463 of 92 Ky., 18 S.W. on page 11: "If the evidence be corroborative of the fact that the accused swore falsely, it is sufficient. In this instance he swore in the same oath that he had not been at the house of either witness. One of them testified that he had been at her house; the other said he was at hers; and, beyond doubt, the evidence of the one corroborated the other, not in the fact that he had been at the particular house, but that he had sworn falsely."

The defendant contends that no part of Mrs. Jackson's testimony can be corroborative upon any theory because she denied that the defendant gave her the money for her vote. From her testimony that the defendant called for her the morning of the election, gave her a ballot, took her to the polls and handed her money immediately after she had dropped the ballot into the ballot box, the jury was justified in concluding that the defendant's intention was to pay her for her vote. It was justified in refusing to accept her statement that he did not give her the money for her vote in view of her testimony immediately thereafter that she did not know for what purpose he gave her the money. We have today held that a jury is not bound to accept or reject a witness's testimony in its entirety, but may accept that portion of the testimony which it deems credible and reject the remainder. United States v. Reginelli, 3 Cir., 1943, 133 F.2d 595. It is true that courts have held under other circumstances that a party is bound by the testimony of a witness whom he produces. We think that rule does not apply to prosecutions in a criminal case, however. In such a case the Government does not necessarily give credence to a witness merely by introducing him, for it is the duty of the prosecution in a criminal trial to produce and use all witnesses within reach of process, of whatever character, whose testimony will shed light on the transaction, whether it makes for or against the accused. State v. Coolidge, 1934, 106 Vt. 183, 171 A. 244; see Blackburn v. State, 1925, 100 Tex.Cr. 580, 272 S.W. 173; People v. Minsky, 1919, 227 N.Y. 94, 124 N.E. 126.

Moreover Mrs. Jackson's statement that the defendant's payment to her was not for voting, which statement is alleged to neutralize the corroborative value of her testimony, was in reality merely her conclusion drawn from the circumstances which she described to the jury. Her conclusion, however, was not binding upon the jury, who, if they believed her testimony as to the circumstances, were at liberty to draw therefrom their own conclusion as to the defendant's purpose in making the payment which she described. See Commonwealth v. Beaman, 1914, 57 Pa.Super. 132.

It may be conceded, as contended by the defendant, that the evidence relied upon by the Government as corroborative of Wheatley's testimony does not meet the standard for corroborative evidence laid down in Williams v. Commonwealth, 1879, 91 Pa. 493, namely, that the particular circumstances testified to as indicating falsity must be corroborated and not merely the falsity of the oath itself. That standard, in our opinion, is unnecessarily rigorous. The exceptional rule of evidence applicable to the proof of perjury is itself, as we have noted, subject to well grounded criticism. We think it would be highly undesirable to

intensify the rigor of the rule by engrafting upon it the strict standard laid down in the Williams case as to the nature of the evidence which can be accepted as corroborative. We prefer the more liberal application of the rule made in the Hare and Davis cases, since we think they represent the better view. As we have already indicated, the evidence in the present case meets the test of these cases. It was, therefore, sufficient to support the verdict of guilty.

The defendant also urges that the evidence failed to show that either Wheatley or Mrs. Jackson voted since they both said that they did not examine the folded ballots handed them by the defendant and, therefore, those ballots may have been blank. Without conceding that the word "voting" as used by the defendant must be given the narrow meaning for which he contends we think it clear that it is wholly immaterial whether or not Wheatley or Mrs. Jackson actually voted. The sole question is whether the defendant paid persons money with the intention that they should vote. Whether they carried out their part of the bargain does not affect the falsity of defendant's statement, if he in fact gave them money for doing so.

The judgment of the district court is affirmed.