### CLAYTON v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 14, 1922.)

No. 1966.

1. **Indictment and information** ⬥125(6)—**Indictment held not duplicitous.**

The contention in a prosecution for perjury that the indictment was duplicitous, because all the questions and answers on which the charge of perjury was predicated were grouped in one count, since it went to the form rather than to the substance of the averments, would not be allowed to prevail, especially where no perceptible prejudice resulted to accused.

2. **Perjury** ⬥22—**Indictment held not defective in not specifying court where testimony given.**

In a perjury prosecution, indictment *held* not open to the objection that it failed to "properly designate the court with proper averments as to his official or judicial capacity," in view of Rev. St. § 5396 (Comp. St. § 1687).

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Perjury** ⬩⟶33(8)—**Falsity of matter sworn to must be proved by direct and positive evidence.**

In prosecutions for perjury, not only must accused's guilt be established beyond reasonable doubt, but the falsity of the matter sworn to by him must be proved by direct and positive evidence.

4. **Perjury** ⬩⟶34(1)—**Requirements as to oral testimony stated.**

In perjury prosecution, where oral testimony exclusively is relied on to prove the perjury, there must be two witnesses, or one witness corroborated by circumstances independently proven.

5. **Perjury** ⬩⟶33(8)—**Proof of perjury by contradictory statements of accused out of court is insufficient.**

Where the only evidence of falsity of accused's testimony before the grand jury was the testimony of two witnesses as to what he told them in private conversation before the grand jury met, this was insufficient, for the falsity of a sworn statement is not shown by proof of an unsworn contradictory statement, as credit must be given to what accused said under oath rather than what he may have said to the contrary when not under oath.

6. **Perjury** ⬩⟶11(7)—**Question whether accused had been intoxicated since prohibition held not material as respects liability for false answer.**

In grand jury inquiry as to violations of the National Prohibition Act by other persons than the witness, a question to him whether he had been intoxicated within the year and a half preceding the inquiry was not material to the inquiry, nor was it as to a matter which the grand jury was authorized to investigate, so that false answer thereto by the witness did not render him liable to conviction for perjury.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

David Clayton was convicted of perjury, and brings error. Reversed, and new trial awarded.

W. S. Wysong, of Webster Springs, W. Va., and J. S. Horan and B. J. Pettigrew, both of Charleston, W. Va., for plaintiff in error.

J. N. Kenna, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

KNAPP, Circuit Judge. At a term of the court below held at Webster Springs on the 30th of August, 1921, plaintiff in error, herein called defendant, was summoned before the grand jury and asked certain questions, namely, whether he had purchased any whisky or intoxicating liquor from any person in the Southern district of West Virginia, between January 16, 1920, and August 30, 1921, whether he had had any intoxicating liquor in his possession during that period, and whether during the same period he had been intoxicated. He answered each of these questions in the negative, except admitting that he had on one occasion found on the road a small bottle containing about half a pint of liquor. Two days later he was indicted for perjury. He was tried at Charleston in the following November, and upon conviction sentenced to imprisonment for a year and six months and to

pay the costs of prosecution. The indictment alleges that defendant was asked other questions than those above recited, but no proof was offered at the trial to show that such other questions were in fact put to him.

[1] Error is assigned because the court overruled a demurrer and motion to quash, but, as the grounds upon which the demurrer and motion were based nowhere appear of record, the assignment fails to present a reviewable question. In the brief of counsel, however, certain objections are specified which we may here take occasion to notice. It is said in the first place that the indictment is duplicitous, because all the questions and answers on which the charge of perjury is predicated are grouped in one count. But this contention goes to the form rather than to the substance of the averments, and cannot be allowed to prevail, especially as it is not perceived that any prejudice resulted to defendant. The accepted rule of law on this point is laid down in 30 Cyc. 1439, as follows:

"An indictment for perjury may embrace in a single count all the particulars in which defendant is alleged to have sworn falsely; but each fact sworn to should be stated in distinct and separate assignments, and each traversed, so that if either assignment is proved the indictment will be sustained."

[2] It is further argued that the indictment is defective, "because it does not properly designate the court, with proper averments as to his official or judicial capacity." For answer we need only quote the following provisions of section 5396 of the Revised Statutes (section 1687 of the Compiled Statutes):

"In every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is assigned."

Whether the proof showed that an oath was administered to defendant by a person of "competent authority," or administered to him at all, is another question. The indictment is not defective in that respect.

Other objections to the indictment involve substantially the same question as is presented by the refusal of the court, at the close of the testimony, to grant defendant's motion for a directed verdict, and that question now will be considered.

[3] In prosecutions for perjury it has long been settled that not only must the guilt of the accused be established beyond reasonable doubt, as in other criminal cases, but that the falsity of the matter sworn to by him must be proved by direct and positive evidence. Thus, in Allen v. United States, 194 Fed. 664, 668, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385, this court quotes with approval the following statement of the rule in 30 Cyc. 1452:

"Positive and direct evidence is absolutely necessary in a perjury case. Circumstantial evidence standing alone is never sufficient."

[4] Moreover, where oral testimony exclusively is relied upon to prove the perjury charged, there must be two witnesses, or one witness corroborated by circumstances independently proven. United States v. Wood, 39 U. S. (14 Pet.) 430, 439, 10 L. Ed. 527; 30 Cyc. 1452.

[5] In the case at bar no attempt was made to prove by "positive and direct evidence" that defendant made false answers to the first two questions set out in the indictment, namely, whether he had procured any intoxicating liquor from any person during the period named, and whether he had had any intoxicating liquor in his possession during that period. Indeed, the only evidence in support of these assignments is the testimony of two witnesses as to what defendant had told them in private conversation some time before the grand jury met. This was quite insufficient, for the falsity of a sworn statement is not shown by proof of an unsworn contradictory statement. In view of the strong presumption of innocence, and because of the solemnity of an oath, credit must be given to what defendant said under oath, rather than to what he may have said to the contrary when not under oath. Billingsley v. State, 49 Tex. Cr. R. 620, 95 S. W. 520, 13 Ann. Cas. 730, 21 R. C. L. 272; 30 Cyc. 1455; Wharton's Crim. Ev. § 387.

And this seems peculiarly a case to which the rule should be strictly applied. The broad questions here considered covered a period of more than 19 months, long enough for many things to happen and much to be forgotten, yet in neither case was defendant's attention directed to any particular time, within the period named, or to any particular place within the Southern district, or to any particular person who was identified by name or otherwise. To sustain the charge that his negative answers to such general and indefinite questions were "willfully and corruptly" false much more is needful than mere proof of contrary declarations on a previous occasion.

[6] We come then to defendant's denial that he had been intoxicated between the 16th of January, 1920, and the 30th of August, 1921, and it may be conceded that the testimony warranted the jury in finding this denial untruthful. But here another and most important requirement in perjury cases is to be taken into account, namely, that "the matter falsely sworn to must be material to the issue or the question in controversy." 30 Cyc. 1417, citing numerous authorities. The indictment sets out that the grand jury were inquiring "especially of and concerning violations of the National Prohibition Act [41 Stat. 305] within said district," and alleges that it was material for the grand jury to be informed whether defendant had done the things mentioned in the questions put to him. But how was it material, in any legal or substantial sense, to know whether defendant had been intoxicated within the year and a half preceding? The government avows that he was not called before the grand jury with any intention of prosecuting him for a violation of the National Prohibition Act, though it does not appear that he was so advised. The declared purpose was to discover violations by other persons. But that purpose

was in no wise impeded by the negative answer given to the question, nor would it have been aided by an affirmative answer.

As an independent subject of investigation the grand jury had no right to inquire whether defendant had been intoxicated, for intoxication is not an offense under the Prohibition Act or any other law of the United States, and "a charge of perjury cannot be predicated upon false testimony before a grand jury, when the grand jury had no legal authority to inquire into the particular matter under investigation." 30 Cyc. 1411; Pankey v. People, 2 Ill. (1 Scam.) 80. The mere fact of defendant's intoxication, which is all we have here, had no relevancy to any issue or controversy pending 'before the grand jury, and no legitimate tendency to show that some other person, whose identity is not even suggested, at some unnamed time in a period of 19 months, at some place not mentioned, and in some manner not indicated, had violated the Prohibition Act.

The bare statement of the case demonstrates, we think, that the question now in dispute was not material and that perjury cannot be predicated on the falsity of defendant's answer. If another person had been indicted under that act and put upon trial, and defendant, called as a witness for the government, had been asked the question under review, nothing else appearing, would not its immateriality be manifest? Is it any the less so because asked when the grand jury was conducting an investigation which admittedly had no personal objective? In short, upon the facts of this case, and without intending to lay down any absolute rule, we are not prepared to hold that a citizen may be haled before a grand jury, asked if he has 'been intoxicated at any time since the Prohibition Act went into effect, and then convicted of perjury, if he answers in the negative, upon proof that his answer was untruthful. It follows that defendant's motion for a directed verdict should have been granted, because the evidence did not warrant his conviction.

This conclusion makes it unnecessary to discuss the other assignments of error, since the questions to which they relate may not again arise; but we deem it proper to add that the proof seems insufficient to show that an oath was administered to defendant by a person of "competent authority." On this record we are unable to determine when or by whom defendant was sworn, or whether he was sworn at all.

The judgment will be reversed, and a new trial awarded.

Reversed.