## PHAIR v. UNITED STATES.

### MEYEROTT v. SAME.

### Nos. 4772, 4773.

Circuit Court of Appeals, Third Circuit. Aug. 25, 1932.

Joseph H. Gaudielle, of Hackensack, N. J., for appellants.

Phillip Forman, U. S. Atty., and John W. Griggs, both of Trenton, N. J., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

On December 17, 1929, the United States attorney for the district of New Jersey filed a criminal information against the appellants charging them with violating the National Prohibition Act (27 USCA), in that they maintained a saloon at 309 Hackensack street, in the town of Carlstadt, wherein they kept and sold intoxicating liquor. Phair was charged as owner of the saloon and business and Meyerott as his employee.

On February 15, 1930, both Meyerott and Phair subscribed to affidavits to the effect that Phair sold the saloon to Meyerott on March 1, 1929, and that Phair had not had any interest in the saloon since that date. Thereupon Meyerott pleaded guilty to the charge contained in the information and the United States attorney nolle prossed the information against Phair.

Some time thereafter Phair is charged with stating to three persons that the facts contained in his affidavit were false and that he was still the owner of the saloon and had been all the time and that Meyerott was his employee. He and Meyerott were indicted, tried, and convicted for perjury. They appealed to this court and contend that the judgment should be reversed for the reason that the government did not prove by sufficient evidence that they committed perjury.

In his affidavit, which is the basis of this prosecution, Phair said: "I am not in any way connected with the saloon business conducted at No. 309 Hackensack Street, Carlstadt, New Jersey, and have not been connected in any way since March 1, 1929, on which date I conveyed the said saloon business to John Meyrott."

But Samuel Cohen, Esq., legal adviser

for the deputy prohibition administrator of New Jersey, testified that Phair later appeared before Commissioner Holland and "admitted that he was the owner of that saloon"; Julian R. Eagle, Esq., could not remember the exact words used; and Thomas Bebout, federal prohibition agent, testified that Phair later admitted that he was the owner of the "property," the "premises."

The exact words used by Phair in denying the truth of the facts stated in his affidavit are important. Whether he said that he did not own the real estate, "property," "premises," or that he did not own the saloon, the business carried on there, makes all the difference as to his guilt. There is no inconsistency between the affidavit and the assertion that he owned the real estate. But assuming that Mr. Cohen, and not the other witnesses, correctly stated what Phair said, it simply amounts to an affidavit on the one side and contrary oral statements by the same person on the other. The affidavit and the later statements cannot both be true, and which one is true is unknown, for there are no corroborating circumstances sufficient to establish the truth of the statements contradicting the affidavit.

■ In order to convict a defendant of perjury it is necessary that there be more than oath against oath. Where, as in this case, reliance is upon the testimony of witnesses, there must be two witnesses against the defendant, or one witness and written documents or strong corroborating circumstances proved by independent testimony of witnesses. This is an inflexible rule of the common law applicable to every charge of perjury and must be enforced by the courts until changed by statute.

■ In the early history of the law, two witnesses were required to convict in a case of perjury, both swearing contrary to the defendant's oath. Then later a single witness corroborated by another witness swearing to circumstances bearing directly upon the imputed corpus delicti of the defendant was held sufficient. United States v. Wood, 39 U. S. (14 Pet.) 430, 10 L. Ed. 527; Hammer v. United States, 271 U. S. 620, 46 S. Ct. 603, 70 L. Ed. 1118. A living witness is no longer necessary to a conviction for perjury where the defendant's own acts, business transactions, documents, or correspondence show that his oath charged to be perjury is false. But if the perjury consists in the defendant having sworn contrary to what he had sworn to before, one witness only swearing to the contrary fact is necessary. United States v. Wood, and Hammer v. United States, both supra.

■ To convict a person of perjury, probable or credible evidence is not enough. It must be strong and clear. In the case at bar, there is a serious question as to whether or not the defendant said that he owned the "property" in question, or the saloon conducted on the premises. As above stated, his affidavit states that he did not own the saloon and was in no way connected with the business; but it contains no statement whatever as to the ownership of the real estate. To sum up the testimony on this point, one of the three witnesses, upon whom the government relies, did not remember the words that Phair used as to the ownership of the property or saloon; another testified that he admitted that he owned the "property," the "premises," while the third said that Phair stated he owned the saloon. At most, there was an oath on the one side, and conflicting testimony as to what Phair later said contrary thereto, on the other, without sufficient attending circumstances. If all three witnesses had unequivocally testified that Phair later flatly denied the truth of the statements made in his affidavit, the result would have been an affidavit by Phair and a subsequent denial of it by him. All that the testimony of the three witnesses amounts to is the establishment of a denial by Phair of his affidavit, and the mere denial of the truth of the affidavit is not sufficient to sustain the charge of perjury.

Therefore, the learned trial judge should have directed a verdict as requested.

The judgment is reversed.