### UNITED STATES v. HARRIS.

No. 8911b.

District Court, D. New Jersey.

Feb. 14, 1940.

George R. Sommer, of Newark, N. J., for the motion.

John J. Quinn, U. S. Atty., of Trenton, N. J., and Joseph W. Burns, Sp. Asst. U. S. Atty., of Washington, D. C., opposed.

AVIS, District Judge.

Defendant, through her attorney, moves to quash the indictment returned in this case, upon the ground that it does not charge an offense against the United States.

The indictment charges the defendant with having committed perjury in violation of the statute, 18 U.S.C.A. § 231.

The specific charge is that defendant, on October 17, 1939, was called as a witness before the United States Grand Jury for the District of New Jersey, at Newark, duly sworn, and gave certain testimony, and was particularly interrogated as to statements made to F. B. I. agents in 1937. The defendant denied categorically that these alleged statements were made by her.

The allegation of the indictment is that— "May Harris, alias Kitty Harris, at the said City of Newark, in the County, State and District aforesaid, at the times she made the statements aforesaid, then and there well and fully knew that they were, as a matter of fact, false and untrue in that, and for the reason that, May Harris aforesaid then and there well and fully knew that she did in fact tell and inform the said Special Agents, A. Dickstein, E. R. Davis and J. L. Brennan that she had gone to Ray Born in 1932 and talked to him about opening a house of prostitution at 219 North North Carolina Avenue; that she had spoken to Lou Kissel at the Ritz Carlton Hotel and at 110 South Iowa Avenue in Atlantic City, New Jersey; that she had paid money to said James McCullough and had spoken to Ray Born after her place was closed at 29 North Michigan Avenue."

The Government, by its attorney, admits and states that its case is based entirely upon the fact that defendant, as a witness before the Grand Jury, denied that she made certain statements to the agents, whereas in fact she did make such statements. In other words, the Government insists that the indictment should be upheld, although no direct proof of the falsity or truth of the testimony given before the Grand Jury is available, except the testimony of agents who will testify that, at a prior meeting, the defendant told them as facts, the statements contained in the question submitted to defendant before the Grand Jury.

Counsel for defendant claims that under such an allegation the indictment cannot be sustained; that to allege or prove perjury it must be shown that the substance of the statements of defendant were untrue in fact, and that defendant cannot be convicted of perjury because her sworn testimony was in conflict with an alleged statement made by her on a former date.

Undoubtedly at the time the testimony was given the Grand Jury was regularly convened and the witness duly sworn, or so it is alleged in the indictment.

I am satisfied that, under the terms of the indictment, the questions asked of defendant were material to the issue there being investigated.

Perjury is a serious offense, and a person who commits perjury is entitled to severe condemnation. The courts and other bodies depending upon facts for adjustment of controversies, or obtaining facts by investigation, are powerless to render proper determinations unless persons in testifying tell the truth to the best of their knowledge. However, by reason of the seriousness of the charge and its peculiar attributes, it is required that perjury be proven by the testimony of two credible witnesses, or one credible witness with corroboration, or circumstances sustained by clear and convincing proof.

While there are some cases which appear to be to the contrary, I am satisfied that the allegations in an indictment necessary to show the commission of the offense must charge that the testimony given was untrue in fact, and that perjury cannot be predicated upon a contrary statement made by the witness at a time prior to or after the making of the sworn statement, notwithstanding the claim that the witness on her oath denied that she made such statements, which, it is averred, can be proven by two or more credible witnesses.

In the case of Clayton v. United States, 4 Cir., 284 F. 537, on page 540, the court said: "In the case at bar no attempt was made to prove by 'positive and direct evidence' that defendant made false answers to the first two questions set out in the indictment, namely, whether he had procured any intoxicating liquor from any person during the period named, and whether he had had any intoxicating liquor in his possession during that period. Indeed, the only evidence in support of these assignments is the testimony of two witnesses as to what defendant had told them in private conversation some time before the grand jury met. This was quite insufficient, for the falsity of a sworn statement is not shown by proof of an unsworn contradictory statement. In view of the strong presumption of innocence, and because of the solemnity of an oath, credit must be given to what defendant said under oath, rather than to what he may have said to the contrary when not under oath. Billingsley v.

State, 49 Tex.Cr.R. 620, 95 S.W. 520, 13 Ann.Cas. 730, 21 R.C.L. 272; 30 Cyc. 1455; Wharton's Crim.Ev. § 387."

In Phair v. United States, 60 F.2d 953, the Circuit Court of Appeals for the Third Circuit, in a case appealed from a judgment rendered in the District Court of the United States for the district of New Jersey, established the same principle.

In that case Phair was alleged to have subscribed and sworn to an affidavit with relation to the ownership of a certain saloon wherein intoxicating liquor was kept and sold. In the affidavit he denied ownership. It was charged that later in another proceeding Phair admitted ownership. There was some question as to whether the admission referred to the exact property referred to in the affidavit, but, however that may be, the court stated the law applicable to the instant motion as follows on page 954 of 60 F.2d:

"But assuming that Mr. Cohen, and not the other witnesses, correctly stated what Phair said, it simply amounts to an affidavit on the one side and contrary oral statements by the same person on the other. The affidavit and the later statements cannot both be true, and which one is true is unknown, for there are no corroborating circumstances sufficient to establish the truth of the statements contradicting the affidavit.

\* \* \* \* \* \* \* \* \*

"At most, there was an oath on the one side, and conflicting testimony as to what Phair later said contrary thereto, on the other, without sufficient attending circumstances. If all three witnesses had unequivocally testified that Phair later flatly denied the truth of the statements made in his affidavit, the result would have been an affidavit by Phair and a subsequent denial of it by him. All that the testimony of the three witnesses amounts to is the establishment of a denial by Phair of his affidavit, and the mere denial of the truth of the affidavit is not sufficient to sustain the charge of perjury."

The case of United States v. Golan, D. C., 24 F.Supp. 523, decided by Judge Maris, then Circuit Judge, but determining a motion for a new trial in a case in which he had sat as a District Judge, held as follows on pages 523, 524 of 24 F.Supp.:

"Turning to a consideration of the common law of Pennsylvania I find it to be settled that two or more contradictory statements of a defendant standing alone will not sustain a charge of perjury. Com. v. Bradley, 109 Pa.Super. 294, 167 A. 471. Before a defendant may be convicted upon his admission that a prior statement under oath was false it is necessary to establish the corpus delicti, that is, the falsity of the defendant's prior sworn statement. Com. v. Haines, 130 Pa.Super. 196, 196 A. 621.

"In the present case the Government offered evidence proving that the defendant gave the testimony and made the affidavit in his naturalization proceeding which it contended were false. It then offered in evidence certain admissions by the defendant that this testimony and affidavit were false. No other evidence as to their falsity was produced, however, and I submitted the case to the jury upon the contradictory statements of the defendant alone and over his objection that the corpus delicti had not been proved. I am satisfied that this was error and that I should have sustained the defendant's motion for a directed verdict of not guilty."

These cases are convincing as to the rule established in this Circuit, and it is my duty to follow the rule so established.

The Government relies mainly upon two cases: The first, O'Brien v. United States, 69 App.D.C. 135, 99 F.2d 368. While it is true in that case the court sustained a conviction based upon the making of contradictory statements, the question as to whether that constituted perjury was not raised or decided. The first question decided was whether the statement, made by defendant, which constituted the proof of perjury had been procured by promises and threats. The second, an alleged commission of error by the trial court in permitting the stenographer who recorded the original statement to read to the jury those parts of it which proved the defendant's commission of other criminal offenses, and the third related to the imposition of sentence, as to whether defendant should have been sentenced under the District of Columbia Code or the Federal Penal Code. It is not a precedent for the contention. Petition for writ of certiorari to the Supreme Court was filed, including a motion to proceed in forma pauperis, which motion was denied. See 305 U.S. 562, 59 S.Ct. 95, 83 L.Ed. 354. Apparently no further proceedings were taken in the Supreme Court.

The second case is Behrle v. United States, 69 App.D.C. 304, 100 F.2d 714. That case seems to be exactly in point, fol-

lowing the doctrine established in the case of People v. Doody, 172 N.Y. 165, 64 N.E. 807.

In both of these cases the courts apparently relied upon the principle that perjury can be proved by so-called circumstantial evidence. I cannot believe that the courts can make new law on this subject, when for so many years it has been held otherwise.

The motion to quash will be granted.