## UNITED STATES *v.* HARRIS.*

No. 52. Argued November 22, 1940.—Decided December 9, 1940.

*Mr. Gordon B. Tweedy* argued the causes, and *Solicitor General Biddle, Assistant Attorney General Clark,* and *Messrs. Sewall Key, Joseph W. Burns,* and *Herbert Wechsler* were on the briefs, for the United States.

No appearance for appellees.

MR. JUSTICE MURPHY delivered the opinion of the Court.

In a proceeding before a grand jury, appellees were asked whether, in 1937, they had made certain statements to government agents concerning earlier conver-

---

*Together with No. 53, *United States* v. *Kenny,* also on appeal from the District Court of the United States for the District of New Jersey.

sations with one Ray Born and others regarding the operation of places of ill repute. They denied having made the statements. The grand jury thereupon found the indictments[1] now before us which charge, in effect, that appellees' testimony was false, that it was material to the investigation of the grand jury, and that appellees therefore committed perjury in violation of § 125 of the Criminal Code (35 Stat. 1111, 18 U. S. C. § 231).[2]

Appellees promptly moved to quash the indictments on the ground that they failed "to charge an offense against the United States." After hearing on the motions, the trial judge entered orders in both cases quashing the indictments because they did not charge an offense under the statute. The cases are here on appeals from these rulings. 18 U. S. C. § 682, 28 U. S. C. § 345; see *United States* v. *Borden Co.*, 308 U. S. 188, 193.

The sole question presented by the two cases is whether the indictments charge an offense under the statute. The indictment against May Harris alleged that ". . . the said May Harris . . . at the times she made the statements aforesaid [before the grand jury], then and there well and fully knew that they were, as a matter of fact, false and untrue in that, and for the reason that, May Harris aforesaid then and there well and fully knew that she did in fact tell and inform the

---

[1] Although appellees were indicted separately, the indictments in all material respects are identical, and the appeals present the same question. They are therefore treated in one opinion.

[2] Section 125. Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than two thousand dollars and imprisoned not more than five years.

said Special Agents . . . that she had gone to Ray Born in 1932 and talked to him . . .; that she had spoken to Lou Kissel . . .; that she had paid money to said James McCullough. . . ." [8]

The trial judge apparently thought that the alleged perjury consisted of contradicting, before the grand jury, the earlier statements made by ,appellees in conversations with Born and others, for in the opinion accompanying the orders quashing the indictments he stated: ". . . I am satisfied . . . that perjury cannot be predicated upon a contrary statement made by the witness at a time prior to or after the making of the sworn statement, notwithstanding the claim that the witness on her oath denied that she made such statements, which, it is averred, can be proven by two or more credible witnesses." He cited several cases to show that mere proof of prior inconsistent or contradictory statements would not support a charge of perjury. See *Phair* v. *United States,* 60 F. 2d 953, 954; *Clayton* v. *United States,* 284 F. 537, 540.

It is evident, however, that the indictment charged perjury not in the mere making of contradictory and inconsistent statements concerning these conversations, but in swearing falsely before the grand jury that appellees had never told the government agents they had had such conversations. Moreover, proof that appellees had told government agents that they had conversed with Born and others would not be evidence of mere previous inconsistent or contradictory statements by appellees affecting only their credibility as witnesses, but would be direct evidence of the offense itself and hence would support the charge made in the indictment. The difference between the instant cases and such cases as *Phair*

---

[8] The charge in the indictment against Marie Kenny, *mutatis mutandis,* is identical with the one quoted.

v. *United States,* 60 F. 2d 953, therefore, is obvious and substantial. See *O'Brien* v. *United States,* 69 App. D. C. 135; 99 F. 2d 368.

Section 125 of the Criminal Code makes no distinction between the false assertions of the fact of prior statements and the false assertions of any other fact. Nor can we see any reason to make one. As the Government points out, the denial of the fact that certain statements have been made may be equally as clear, deliberate, and material a falsehood as the denial of any other fact. And since statements made to government agents are generally one of the bases upon which criminal proceedings are instituted and indictments returned, such a distinction might substantially impede effective administration of criminal law.

The facts stated in the indictment are clearly sufficient to charge a violation of the perjury statute. Accordingly, the orders quashing the indictments are reversed and the cause is remanded.

*Reversed.*