## VETTERLI v. UNITED STATES.
### No. 13152.

United States Court of Appeals
Ninth Circuit.

July 18, 1952.

Judgment Vacated Nov. 10, 1952.

See 73 S.Ct. 175.

Russell K. Lambeau, Los Angeles, Cal., for appellant.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Chief of Criminal Division, Jack E. Hildreth, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

Before HEALY, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Before a grand jury duly empaneled, appellant testified as a witness, after being duly sworn. At the time of appellant's appearance before it the grand jury was investigating matters pertaining to reported espionage activities within the Southern District of California. Certain questions were asked appellant to which he made replies. Later appellant was indicted for perjury, the indictment alleging that he testified falsely as to certain material matters.

■ Count One of the indictment charged that it was material to the espionage investigation to ascertain the activities and associates of various persons among whom were one. Miwa, one Wilkins and one Witczak. In the course of the questioning appellant was asked whether he had ever furnished money to anyone to go to Japan and he denied that he had. The indictment further charged that in fact appellant had furnished money to various persons to go to Japan and that he knowingly testified to the contrary. The validity of the conviction on Count One is challenged on the ground that the evidence failed to meet the requirement in perjury cases that the falsity of the statement made by the accused must be shown by the testimony of two independent witnesses or one witness and corroborating circumstances.[1] Supporting the conviction we have the testimony of the witness Miwa. He stated positively that appellant gave him money to purchase passage on a ship to Japan; that he (Miwa) used the money for that purpose and actually reached Japan. This constituted direct evidence of one witness of the falsity of appellant's testimony.[2] However, appellant, while conceding this, maintains that the so-called corroborating evidence relied on is insufficient. The question asked and the answer given in response by appellant were so broadly phrased as to potentially cover a number of transactions in which appellant might have been involved in furnishing money to different persons to go to Japan. By witness Miwa's testimony there was established the occurrence of a single transaction—the furnishing of money to the witness. There is then, posed in the case, a question of whether the corroborating evidence, in order to be sufficient, must tend to establish the same transaction to which the direct witness testified or whether it may show other transactions within the purview of the question asked by the grand jury and thus corroborate the testimony of the direct witness in only a very general sense because it similarly tends to show the falsity of the oath. The Third Circuit has apparently subscribed to the latter approach.[3] We are of the opinion, however, that we are not required to meet this situation head on, because the evidence other than Miwa's testimony substantiates the single transaction to which he testified.

The corroborative evidence was of three kinds: (1) Miwa's wife corroborated his testimony in certain collateral aspects. She testified that she had been a guest in appellant's home on various occasions in the spring of 1941 (shortly before the Miwas went to Japan), that she accompanied her husband on the trip to Japan, leaving from San Francisco as he (Miwa) had testified, and, finally, that she and her husband saw appellant before leaving. (2) Witness Wilkins and the witnesses Patterson (husband and wife), testified that appellant and Witczak (one of the persons whose activities the grand jury was investigating) had on various occasions, within several months of the time Miwa left for Japan, attempted to recruit them to go to Japan to gather information concerning the Japanese government for use by the government of China. Wilkins testified concerning a proposal to go to. Japan made to him by Witczak in appellant's presence. In such proposal it was indicated the money for the trip would come from appellant, Witczak and other contacts. The proposition was to the effect that he would receive a "stipend" of $1,000 plus $150 salary upon arrival in Japan. Subsequently, Wilkins wrote from Iowa to appellant who, it had been indicated, would act as intermediary in the recruiting, that he, Wilkins, had decided to go to Japan on the basis of the previous conversation. He was sent a money order for $50 by appellant. The money was used by Wilkins in payment of transportation from Iowa to California as

1. Weiler v. United States, 1945, 323 U. S. 606, 65 S.Ct. 548, 89 L.Ed. 495.
2. For a discussion of the difference between direct and circumstantial evidence see Radomsky v. United States, 9 Cir., 1950, 180 F.2d 782.
3. United States v. Palese, 3 Cir., 1943, 133 F.2d 600; United States v. Seavey, 3 Cir., 1950, 180 F.2d 837, certiorari denied 339 U.S. 979, 70 S.Ct. 1023, 94 L.Ed. 1383.

the first leg of the intended journey to Japan. Wilkins was unable to obtain a passport and, upon ascertaining this, appellant asked him to recruit a Japanese girl attending the University of California. The Pattersons testified to a proposal by appellant and Witczak that they go to Japan to perform certain unspecified duties in return for compensation of $200 a month. (3) An agent of the Federal Bureau of Investigation testified that after the indictment had been returned in the present case appellant related to him, in the presence of his (appellant's) attorney, facts substantially similar to testimony of the Miwas and admitted that he had given the Miwas the money for the expenses of their trip.

The foregoing corroborative evidence very strongly tends to establish that appellant was a member of a group of persons amply supplied with funds who were interested in recruiting persons to go to Japan to serve as intelligence agents. It lends color and background to the Miwa transaction and clearly " * * * substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement * * *." [4]

■ Appellant contends that his extra-judicial admission is insufficient as a matter of law to serve as a corroborative element. His support for this position stems from his asserted failure to find federal court cases permitting such use to be made of an admission. We stress the fact that the admission was part of the *corroborative* evidence and not solely relied on to establish guilt. The rule of proof required in perjury cases prescribes that the uncorroborated testimony of one witness is insufficient; it does not " * * * relate to the kind or amount of other evidence required * * *." [5] In the event the corroborative evidence "substantiates" the

testimony of the single witness it is sufficient. Admissions of a party charged with perjury, if made under such circumstances as render them clearly admissible, seem to us to have a sound corroborative value. It is significant that the admissions were made by appellant in the presence of his counsel. This was a very rare and singular occurrence, but one which should immediately stamp the admissions with the virtue of having been freely and voluntarily made. In other than perjury cases it has been held that the weight of the corroborative evidence supporting a confession need not of itself establish guilt beyond a reasonable doubt, that it suffices if taken together with the confession such result is achieved. [6] In jurisdictions which hold the uncorroborated testimony of an accomplice insufficient to convict, admissions of the accused have been held sufficient corroboration, [7] and the converse proposition is recognized where corroboration of a confession is required. We do not believe an extra-judicial admission made by an accused is insufficient as corroboration simply because it is such. [8]

■ Use of admissions as corroboration does not lessen the beneficial protection afforded by the perjury rule, for the "vengeful" litigant still remains without power to obtain a conviction by virtue of the strength of his own testimony. [9] Appellant argues that the case of United States v. Isaacson, 2 Cir., 1932, 59 F.2d 966 is authority for the proposition that corroboration consisting only of a defendant's extra-judicial admissions will not sustain a conviction for perjury. We do not so read that case. It dealt only with the insufficiency of the alleged admissions there under consideration.

■ Appellant assigns as error the admission into evidence of the Government's exhibit 2-A because no showing was made

4. Weiler v. United States, 1945, 323 U.S. 606, 610, 65 S.Ct. 548, 89 L.Ed. 495.

5. Hammer v. United States, 1926, 271 U. S. 620, 627, 46 S.Ct. 603, 604, 70 L.Ed. 1118.

6. Daeche v. United States, 2 Cir., 1918, 250 F. 566.

7. See 7 Wigmore Evidence, §§ 2059, note

6, 2071, note 5. For a collection of perjury cases see id. § 2042, note 5.

8. Cf. United States v. Wood, 1840, 14 Pet. 430, 10 L.Ed. 527; United States v. Remington, 2 Cir., 1951, 191 F.2d 246, certiorari denied, 1952, 343 U.S. 907, 72 S. Ct. 580.

9. Cf. Weiler v. United States, 1945, 323 U. S. 606, 65 S.Ct. 548, 89 L.Ed. 495.

294

that appellant purchased the money order. The exhibit was an application for a bank money order which upon its face purported to have been purchased by one C. Howard and stated an alleged fictitious address of 1661 North Beverly Boulevard. The record discloses at page 193 that exhibit 2-A was admitted in evidence without objection and that immediately subsequent to its admission, after prompting by the Court, counsel for appellant entered an objection that the document was incompetent, irrelevant and immaterial. The following then transpired:

"The Court: And no foundation laid?

"Mr. Lambeau: I am not objecting on foundational grounds, but the materiality, that it has no pertinency to any matter in the indictment."

In view of this refusal of appellant to avail himself of the opportunity to object to the admission of the evidence on the ground of lack of foundation, in the face of an invitation to do so, he should not now be heard to complain of lack of a showing of foundation. The objection on the ground of lack of materiality and pertinency is without merit. The obtaining of the money order by the use of an assumed name and fictitious address disclosed a purpose on the part of appellant to operate in a surreptitious manner. Such attempts to *cover up* lend weight to the charge that he falsely testified in a further attempt to *cover up*. On this theory the evidence was admissible; its weight was for the jury.

Count Two of the indictment charged appellant with having sworn falsely in response to certain questions propounded by the grand jury.

■ This Count, as does Count One, contains the allegation that the grand jury,

at the time, was engaged in the investigation of reported espionage activities; that during such investigation appellant was called as a witness and questioned concerning a purported conversation had with Mr. and Mrs. Patterson. Appellant was asked whether Patterson (Mrs. Patterson being present) had informed him (appellant) that Witczak had told Patterson that he (Witczak) was a representative of the Communist International and asked Patterson to go to South America.

Appellant contends that this inquiry was not material or relevant because appellant was not under investigation when called as a grand jury witness, and as to Witczak the evidence was hearsay. We do not think the hearsay rule comes into play here. The subject under investigation was espionage activities generally and all *leads* which the jury could obtain identifying those so engaged therein were very material. The guilt or innocence of Witczak was not being determined; espionage activities were; a truthful answer from appellant would have assisted the grand jury in the investigation. An untruthful answer, to some extent at least, thwarted their purpose. The indictment charged perjury, not because the answer to the question asked called for hearsay testimony, but in swearing falsely before the grand jury. United States v. Harris, 1940, 311 U.S. 292, 61 S.Ct. 217, 85 L.Ed. 196.

■ Appellant challenges the validity of the sentence imposed because of certain remarks made by the trial court at the time of pronouncement. The sentence imposed was entirely within the limits fixed by law and thus was within the discretion of the Court, and we are therefore in no position to disturb it.[10]

Judgment affirmed.

10. Tomoya Kawakita v. United States, 9 Cir., 1951, 190 F.2d 506, affirmed, Kawakita v. United States, 343 U.S. 717, 72 S.Ct. 950.