**UNITED STATES**
**v.**
**James J. LAUGHLIN.**
**Cr. No. 599–63.**

United States District Court
District of Columbia.
Jan. 22, 1964.

See also D.C., 222 F.Supp. 264.

cluding the taped telephone calls, "there was ample evidence from the witness Gross, corroborated by documents, that the witness Bernice Gross had talked on the telephone with the defendant Laughlin many times before his voluntary appearance before the grand jury on March 6, 1963." And second, "that in the Court's opinion dismissing the indictment in this case, the Court has applied the quantum of evidence rule of perjury cases which is applicable only at the trial level."

In support of its first proposition, the Government attached to its motion photostatic copies of the telephone company records of the telephone calls and the bills for the same.

■ These records prove only one thing, if they prove anything at all, and that is, telephone calls were made between certain phone numbers. To argue from a phone company record showing a call between certain phone numbers that the persons in whose names those phones are listed made the call is destructive of a very important rule of evidence; namely, that the person making the entry (in this case the telephone operator) should be making the entry based on personal knowledge. This principle has often been invoked in excluding entries made by a person who had no personal knowledge of the supposed facts recorded. (It hardly need be pointed out that this same rule applies with equal force to a person-to-person call, as there the operator has no personal knowledge of the real parties making the call, but only records the names given to her.)

■ With regard to the telephone company bills it should be noted that because the person in whose name the telephone is listed pays the bills for calls billed to his listing, it is no proof whatsoever that certain of those calls were made by him personally, as any of several people may have permission to use his telephone and this is especially true in the case of a business phone.

■■ Certainly none of this so called corroboration satisfies the requirement

---

Joseph A. Lowther, U. S. Atty., for United States.

William J. Garber, Washington, D. C., for defendant.

CURRAN, District Judge.

In an opinion filed by the Court on November 13, 1963, D.C.D.C. 223 F.Supp. 623, the Court dismissed the perjury indictment then pending against the defendant James J. Laughlin.

On November 18, 1963 the Government filed a motion for the Court to reconsider and vacate the Court's order dismissing the indictment.

The Government bases its motion on two propositions. First, that even ex-

that there must be direct and positive evidence of falsity of defendant's sworn statement, relied on by the prosecution. Smith v. United States, C.C.A.Ohio 1948, 169 F.2d 118; Clayton v. United States, C.C.A.West Virginia 1922, 284 F. 537. And circumstantial evidence thereof is insufficient, no matter how persuasive. United States v. Harris, D.C.N.J.1940, 36 F.Supp. 877 reversed on other grounds 311 U.S. 292, 61 S.Ct. 217, 85 L.Ed. 196. The rule that oral testimony of one witness is insufficient unless corroborated to sustain a conviction for perjury presents an exception to the general rule that evidence which is sufficient to convince a jury of defendant's guilt beyond a reasonable doubt is sufficient to sustain a conviction. United States v. Palese, C. C.A.Del.1943, 133 F.2d 600. All this is to say that to be sufficient to sustain a conviction for perjury, there must be clear and direct testimony of more than one witness, or testimony of one witness and convincing corroborative circumstances.

██ With respect to the Government's second proposition, the Court agrees that the quantum of evidence necessary to sustain a conviction and an indictment are not the same. However, the Court does not draw what it considers to be the extreme interpretation of the Costello ruling that the Government does. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. Certainly an indictment based on incompetent evidence, even though returned by a legally constituted and unbiased grand jury, should not be allowed to stand. If this were not so, the only reason the trial court could order the disclosure of grand jury proceedings would be where a proper case had been made alleging bias. However, that the trial court may request the grand jury proceedings be disclosed where an adequate showing that the evidence before the grand jury was invalid is a proposition that needs no citation.

██ It is also true that an indictment will not be dismissed if there is some incompetent evidence before the grand jury, as long as there is sufficient competent evidence to sustain it. However, there may be competent evidence and illicit evidence before the grand jury and the two may be so intertwined that the Court is unable to say (even if it considered the competent evidence sufficient) that the grand jury did not in fact return the indictment primarily influenced by the illicit evidence. That, the Court considers to be the case here. Evidence was presented to the grand jury in this case which was in disregard of the accused's rights, and was obtained even in the face of 47 U.S.C. § 605.

██ The Court will briefly allude to the cases that the Government says support the proposition that an induction coil does not constitute an interception within the meaning of 47 U.S.C. § 605. In every case cited by the Government the voluntary consent of one of the parties was obtained. The mechanical means used to effect the interception is very much like arguing about the number of angels on the head of a pin, since in the first instance the necessity of having the voluntary consent of one of the parties would not be necessary if 47 U.S.C. § 605 did not apply.

██ Should further proof be necessary, that interception within the meaning of Section 605 has nothing to do with the mechanical device employed, it should be noted that two-way radio transmissions, which may easily be monitored by anyone wishing to buy a receiver tuneable to the particular frequency, are protected by 47 U.S.C. § 605. United States v. Fuller, D.C.Cal., 202 F.Supp. 356.

Accordingly, the motion to vacate the Court's order of November 13, 1963 be and the same is hereby denied.